**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

FILED
AUG 26 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

| | | |
|---|---|---|
| **IN RE DMCA 17 U.S.C. § 512(h) SUBPOENA TO X CORP.,** | §<br>§<br>§<br>§<br>§ | **Case No. 1:26-MC-1545-RP** |

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

**PURSUANT TO 17 U.S.C. § 512(h) AND FED. R. CIV. P. 45**

## I. INTRODUCTION

Movant Jacqueline Jiang, proceeding pro se, respectfully moves this Court for an order compelling X Corp. to comply with the subpoena issued by the Clerk of this Court on June 12, 2026, pursuant to 17 U.S.C. § 512(h). Despite proper service of the subpoena and a good-faith meet-and-confer effort, X Corp. has failed to produce any documents or information, has not filed a Motion to Quash, and has not communicated any objection whatsoever. Movant further requests an award of reasonable costs and expenses incurred in bringing this motion.

## II. FACTUAL BACKGROUND

### *A. The DMCA Subpoena*

Jacqueline Jiang is the owner of copyrighted works that have been infringed by the anonymous user operating the account @stevejavisid on the X platform (formerly Twitter). On May 14, 2026, a notification of claimed infringement pursuant to 17 U.S.C. § 512(c)(3)(A) was sent to X Corp., the service provider, demanding removal of the infringing content.

On June 8, 2026, Movant filed an Application for Issuance of Subpoena pursuant to 17 U.S.C. § 512(h), together with the required notification, proposed subpoena, and sworn declaration. (Dkt. No. 1.) On June 12, 2026, the Clerk of this Court reviewed the materials, determined that all statutory prerequisites were satisfied, and issued the subpoena. (Dkt. No. 2.)

### *B. Service on X Corp.*

The subpoena was served on X Corp. via USPS Certified Mail, Return Receipt Requested (Tracking No. 9589 0710 5270 3407 4194 41), addressed to X Corp., Attn: Legal Department, 865 FM 1209, Building 2, Bastrop, TX 78602. The subpoena was delivered to and accepted by an individual at X Corp.'s address on June 29, 2026, at 1:57 PM, as confirmed by USPS tracking records and the signed Return Receipt (PS Form 3811).

### *C. X Corp.'s Non-Compliance*

The subpoena required X Corp. to produce the requested information within **fourteen (14) days of service**. The compliance deadline was therefore **July 13, 2026**. As of the date of this filing, X Corp. has:

(1) not produced any documents or information in response to the subpoena;

(2) not filed a Motion to Quash or otherwise objected to the subpoena;

(3) not communicated any objection, request for extension, or other response of any kind.

### *D. Meet-and-Confer Efforts*

On July 15, 2026, Movant's then-counsel sent a meet-and-confer letter to X Corp.'s Legal Department via both certified mail and email, notifying X Corp. of its non-compliance and demanding production of the requested information no later than July 24, 2026. The letter expressly offered to discuss any objections or a reasonable extension of time. X Corp. did not

respond to the letter in any manner. This motion is therefore filed in compliance with Local Rule CV-7(i).

## III. LEGAL ARGUMENT

### *A. X Corp. Is Required to Comply with the Subpoena Under 17 U.S.C. § 512(h)*

Under 17 U.S.C. § 512(h), a copyright owner may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer. The statute provides that the subpoena shall *"authorize and order the service provider receiving the notification . . . to expeditiously disclose to the copyright owner . . . information sufficient to identify the alleged infringer."* 17 U.S.C. § 512(h)(5).

The Clerk of this Court issued the subpoena after determining that all statutory prerequisites were met, including: (1) a proper notification under § 512(c)(3)(A); (2) a proposed subpoena in proper form; and (3) a sworn declaration that the information sought is solely for the purpose of protecting rights under Title 17. See 17 U.S.C. § 512(h)(2)(A)-(C); (Dkt. No. 2.)

X Corp.'s obligation to comply with the subpoena is mandatory, not discretionary. The statute uses the word "shall," which imposes a non-discretionary duty. X Corp. has offered no basis for its failure to comply — it has not filed a motion to quash, has not asserted any objection, and has not communicated with Movant in any way.

### *B. The Court Has Authority to Compel Compliance Under FRCP 45*

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides that a person commanded to produce documents "may serve on the party or attorney designated in the subpoena a written objection." A person who fails to timely object is deemed to have waived its objections. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). X Corp. has not served any written objection.

Under FRCP 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Before seeking contempt, courts typically issue an order compelling compliance. *See Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009).

Here, X Corp. was properly served with a lawfully issued subpoena, failed to comply within the time specified, failed to file any objection, and failed to respond to a good-faith meet-and-confer effort. The Court should therefore issue an order compelling X Corp. to produce the requested information forthwith.

### *C. Movant Is Entitled to Reasonable Costs and Expenses*

Federal Rule of Civil Procedure 37(a)(5)(A) provides that where a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." This presumption applies unless the nondisclosure was substantially justified or other circumstances make an award unjust. *See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).*

X Corp.'s complete failure to respond — no production, no objection, no communication of any kind — is not substantially justified. X Corp. is a sophisticated technology company with a legal department that routinely handles subpoena compliance. Its total silence is unjustifiable and has forced Movant to incur unnecessary expenses, including costs of prior legal representation and costs associated with bringing this motion. An award of reasonable costs and expenses is therefore warranted.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Movant Jacqueline Jiang respectfully requests that this Court enter an order:

(1) Compelling X Corp. to comply with the subpoena issued on June 12, 2026 (Dkt. No. 2) and to produce all information identified in Attachment A to the subpoena within five (5) business days of the Court's order;

(2) Awarding Movant reasonable costs and expenses incurred in connection with this motion; and

(3) Granting such other and further relief as this Court deems just and proper.

DATED: August 20, 2026

Respectfully submitted,

**Jacqueline Jiang**
Movant, Pro Se
3 Skycrest
Newport Coast, CA 92657
Telephone: (626) 898-2685
Email: jiang5258@hotmail.com

**CERTIFICATE OF CONFERENCE**

**(Local Rule CV-7(i))**

Pursuant to Local Rule CV-7(i) of the United States District Court for the Western District of Texas, Movant certifies that a good-faith effort was made to resolve the matters raised in this motion without court intervention. On July 15, 2026, Movant's then-counsel sent a meet-and-confer letter to X Corp.'s Legal Department via certified mail and email, identifying the non-compliance with the subpoena and requesting compliance no later than July 24, 2026. The letter offered to discuss any objections or extensions. X Corp. did not respond to the meet-and-confer letter.

Because X Corp. has not retained counsel in this matter and has not communicated with Movant in any manner, further conference efforts would be futile.

**Jacqueline Jiang**
Movant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, a true and correct copy of this Motion to Compel Compliance with Subpoena, together with all attachments, was served on X Corp. by the following methods:

**Via USPS Certified Mail:**

X Corp.

Attn: Legal Department

865 FM 1209, Building 2

Bastrop, TX 78602

**Via Email:**

X Corp., Legal Department

legal-support@x.com

**Jacqueline Jiang**
Movant, Pro Se

PRESS FIRMLY TO SEAL

FSC MIX Board FSC™ C116916

PAPER POUCH how2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

nsurance does not cover certain items. For details regarding claims exclusions see the omestic Mail Manual at *http://pe.usps.com*.

See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER POUCH how2recycle.info

UNITED STATES POSTAL SERVICE® Click-N-Ship®

P

usps.com
$9.57
US POSTAGE

9405 5301 0935 5445 4910 40 0095 7000 0607 8701

U.S. POSTAGE PAID
Click-N-Ship®

08/21/2026
0 lb 6 oz

Mailed from 92865 002749874755672

PRIORITY MAIL®

ZHANG & ZHANG LAW OFFICE
CHEYENNE ZHANG
MAILBOX 380
1442 E LINCOLN AVE
ORANGE CA 92865-1934

SCREENED BY CSO'S
AUG 26 2026

Created 2026-08-21
Flat Rate Envelope
RDC 03
C074

WESTERN DISTRICT OF TEXAS, AUSTIN DIVIS
CLERK OF COURT UNITED STATES DISTRICT
501 W 5TH ST STE 1100
AUSTIN TX 78701-3812

USPS TRACKING #

9405 5301 0935 5445 4910 40

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE DMCA 17 U.S.C. § 512(h) SUBPOENA TO X CORP.,** | §<br>§<br>§<br>§<br>§ | **Case No. 1:26-MC-1545-RP** |

**[PROPOSED] ORDER GRANTING MOTION TO COMPEL**

**COMPLIANCE WITH SUBPOENA**

Before the Court is Movant Jacqueline Jiang's Motion to Compel Compliance with Subpoena issued pursuant to 17 U.S.C. § 512(h). Having considered the Motion, the supporting memorandum, and the record in this case, the Court finds that:

1. The subpoena was properly issued by the Clerk of this Court on June 12, 2026, in accordance with 17 U.S.C. § 512(h);

2. The subpoena was properly served on X Corp. on June 29, 2026;

3. X Corp. has failed to comply with the subpoena within the time specified, has not filed a Motion to Quash, and has not communicated any objection; and

4. Movant made a good-faith meet-and-confer effort as required by Local Rule CV-7(i), and X Corp. failed to respond.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Movant's Motion to Compel is **GRANTED**.

2. X Corp. is **ORDERED** to produce all information identified in Attachment A to the subpoena — including the full legal name, physical address, email address(es), IP address logs, account creation date, and any other identifying information for the account @stevejavisid — within **FIVE (5) BUSINESS DAYS** of the date of this Order.

3. X Corp. is **ORDERED** to pay Movant's reasonable costs and expenses incurred in connection with this Motion, in the amount of $__________, within thirty (30) days of the date of this Order.

4. Failure to comply with this Order may result in sanctions, including contempt of court.

SIGNED this ______ day of __________________, 2026.

______________________________________
**UNITED STATES DISTRICT JUDGE**